IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SANTOS RODRIGUEZ, JR.,<br>MARIA DE JESUS OLVERA,<br>JESSICA MUNOZ, AND<br>JESUS ANDRES MUNOZ<br>*Plaintiffs,*<br><br>V.<br><br>GUADALUPE "LUPE" TREVIÑO,<br>SHERIFF OF HIDALGO COUNTY, TEXAS,<br>HIDALGO COUNTY, TEXAS, JONATHAN<br>CHRISTOPHER TREVINO, GERARDO<br>MENDOZA DURAN, MARTIN GARZA,<br>CHIEF OF POLICE, MISSION, TEXAS,<br>CITY OF MISSION, TEXAS, and other<br>unknown persons<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:14-CV-00067<br>JURY DEMAND |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, SANTOS RODRIGUEZ, JR., MARIA DE JESUS OLVERA, JESSICA MUNOZ, AND JESUS ANDRES MUNOZ, hereinafter called Plaintiffs, complaining of and about GUADALUPE "LUPE" TREVIÑO, OFFICIALLY AND INDIVIDUALLY AND AS THE SHERIFF OF HIDALGO COUNTY, TEXAS, HIDALGO COUNTY, TEXAS, MARTIN GARZA, OFFICIALLY AND INDIVIDUALLY AS THE CHIEF OF POLICE, MISSION, TEXAS, CITY OF MISSION, TEXAS, and their employees and/or agents, officially and individually, JONATHAN CHRISTOPHER TREVINO, GERARDO MENDOZA DURAN, and other unknown officers, hereinafter called Defendants, and for cause of action show unto the Court the following:

1

## PARTIES

1.     The Plaintiffs', SANTOS RODRIGUEZ, JR., MARIA DE JESUS OLVERA, JESSICA MUNOZ, and JESUS ANDRES MUNOZ, are each individual persons subject to the jurisdiction of the United States or a citizen thereof, residing within Hidalgo County, Texas, and within the jurisdiction of the United States District Court for the Southern  District of Texas, McAllen, Division.

2.     Defendant GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, an individual who is a resident of Texas, may be served with process at his office at the following address: 711 E. El Cibolo Road, Edinburg, Texas 78542. Service of said Defendant as described above can be effected by personal delivery.

3.     Defendant HIDALGO COUNTY, TEXAS, as a local governmental entity, may be served with process by serving County Judge Ramon Garcia of said a local governmental entity, at 302 West University, Edinburg, Texas 78539. Service of said Defendant as described above can be effected by personal delivery.

4.     Defendant CITY OF MISSION, TEXAS, a municipal corporation, may be served with process by serving its mayor of said municipal corporation, Norberto Salinas, at 1201 East 8th Street, Mission, Texas 78572. Service of Defendant as described above can be effected by personal delivery.

5.     Defendant MARTIN GARZA, was the Chief of Police for the City of Mission at all times during the events complained of herein and may be served with process at his home address or wherever he can be found.

6.     Defendant JONATHAN CHRISTOPHER TREVINO, at all times during the events complained of herein, was an officer of the Mission Police Department and was employed by the

CITY OF MISSION, TEXAS. Defendant can be served at his home addresses or where ever he can be found.

7.    Defendant GERARDO MENDOZA DURAN, at all times during the events complained of herein, was a Deputy Sheriff of the Hidalgo County Sheriffs' Office and was employed by HIDALGO COUNTY, TEXAS.  This Defendant can be served at his home addresses or where ever he can be found.

## JURISDICTION AND VENUE

8.    The subject matter in controversy raises a question of federal law and is within the jurisdiction of this court pursuant to the provisions of 42 U.S.C § 1983 and 28 U.S.C. §§ 1331 and 1343, and  Plaintiffs are seeking recovery of damages in excess of $75,000.00.

9.    This court has jurisdiction over the parties because Defendants reside within the area of Texas served by the McAllen Division, Southern District of Texas.

## FACTS

10.    On or about December 05, 2012, Plaintiffs, Maria De Jesus Olvera, Jessica Munoz, and Jesus Andres Munoz, were present at heir home located at 6504 N. 32nd Street, McAllen, Texas 78504,  when approximately 6 armed men stormed onto their property with weapons drawn and demanded entry into the premises.  The armed men were agents and officers of the Panama Unit of the Hidalgo County Sheriff's Department and officers of the Mission Police Department. When Plaintiff, Maria De Jesus Olvera, denied the armed men entry into the premises, the armed men threatened to take Plaintiffs' to jail if not allowed to come in.  The Plaintiffs were illegally detained and the intruders proceeded to illegally search the home in search of money and contraband.

11.    Plaintiff, JESUS ANDRES MUNOZ, who was 15 years old at the time, was handcuffed and held at gunpoint for approximately four hours while the intruders illegally searched the home. During this illegal search the armed men continuously demanded that they be given any money and contraband that may be in the home, and repeatedly stated that they knew that a safe was in the home and demanded that it be turned over to them.

12.    When the invaders found nothing in the home, they forced Plaintiff, Jessica Munoz, to the backyard where they threatened to take her children away from her if she didn't sign a false statement admitting that drugs had been kept in the home by Plaintiff, Santos Rodriguez, Jr., and that she had hidden them for him.

13.    Plaintiff, Jessica Munoz, was illegally arrested and jailed for Tampering with Evidence and a warrant was issued for the arrest of Plaintiff, Santos Rodriguez, Jr, for possession of a controlled substance. Subsequently Plaintiff, Santos Rodriguez, Jr. was illegally arrested and jailed. The State of Texas denied prosecuting Plaintiffs Jessica Munoz and Santos Rodriguez, Jr. and charges against them both have been dismissed.

## COUNT OF PLAINTIFFS' CLAIMS FOR SECTION 1983

14.    All preceding paragraphs are incorporated here. This is an action at law to redress each Defendant's deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States (R.S. 1979, 42 U.S.C. § 1983), and arising under the law and statutes of the State of Texas. Each of the Plaintiffs' constitutional rights to be free from wrongful unconstitutional interference with his person, house, property and effects is correlative to the constitutional duty of each of the Defendants to abstain from such unconstitutional interferences. The Fourth Amendment guards and protects individuals like Plaintiffs against

specified harms of invasion of their person and property by directly prohibiting the infliction of such harms and prohibits government actions unreasonably inflicting such harms without probable cause and warrant.

15.    The unreasonable searches and seizure of Plaintiffs and their property were performed willfully and wantonly by JONATHAN CHRISTOPHER TREVIÑO, GERARDO MENDOZA DURAN and other unknown members of the Panama Unit and police officers of the City of Mission, individually and in conspiracy with each other, were in violation of each Plaintiffs' right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

16.    As a proximate result of the above-detailed actions of defendants, plaintiffs were injured, including the objectively unreasonable deprivation of their liberty and invasion of their property. The violations proximately caused each of the Plaintiffs financial loss, exposed Plaintiffs to public scandal and disgrace, caused damage to Plaintiffs property, and caused Plaintiffs to incur various expenses, all to their damage.

17.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

18.    The misconduct described in this Count was undertaken under the custom, policy and practice of the Hidalgo County Sheriff's Office and the Mission Police Department in the manner described herein.

19.    As a result of their failure to intervene, supervisory defendants, policy defendants, and police officer defendants, sanctioned, encouraged, and participated in the violations of Plaintiffs' rights.  Defendants had ample opportunity to intervene, and could have prevented the harm to Plaintiffs and many others.  Instead, defendants affirmatively and intentionally chose to pursue a

course of subjective and objective deliberate indifference towards and directly supported the violations perpetrated by the Panama Unit.

20.     As described in the preceding paragraphs, the conduct of the non-intervening defendants, acting under color of law and within the scope of their employment, violated federal statutes and the United States Constitution.

21.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

22.     Prior to the illegal detention of each of the Plaintiffs, the members of the Panama Unit reached an agreement amongst themselves to frame Plaintiffs for the crimes and to fabricate evidence, and to thereby deprive Plaintiffs of their constitutional rights, all as described in the various paragraphs of this Complaint.

23.     In this manner, each of the Defendants, acting together and in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

24.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

25.     The unreasonable misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

26.     The unreasonable misconduct described in this Count was undertaken by employees and agents of the City of Mission and Hidalgo County, pursuant to their respective customs, policies and practices in the manner described more fully above in this Count, and was tacitly ratified by policymakers for the City of Mission and for Hidalgo County with final policymaking authority.

27.     As a result of the Defendants' misconduct, Plaintiffs sustained, and continue to sustain, injuries including emotional pain and suffering.

28.     Plaintiff's further allege that the Defendants made an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process.

29.     The Defendants had an ulterior motive or purpose in exercising such illegal, improper, or perverted use of the process.

30.     As a result of the Defendants' misconduct, Plaintiffs sustained, and continue to sustain, injuries including pain and emotional suffering.

31.     At all times mentioned herein, Defendant MARTIN GARZA was duly appointed and legally employed as the Police Chief of Mission, Texas, and charged with the responsibility of the Mission Police officers under his supervision, and in particular, for those police and investigative operations which took place by the Mission Police Department.

32.     Chief Garza by and through his trusted subordinates, and the participants of the Panama Unit, separately and in concert, acted under color and pretense of law, to wit, under color of the statutes, ordinances, regulations, customs and usages of the State of Texas, the County of Hidalgo and the City of Mission.

33.     In particular, Chief Garza was charged with the responsibility for the administration and organization of the participants in the Panama Unit who were police officers in his department.

34.     During all times mentioned herein, Chief Garza, by and through his trusted subordinates, and the participants of the Panama Unit, separately and in concert, acted under color and pretense of law, to wit, under color of the statutes, ordinances, regulations, customs and usages of the State of Texas and the City of Mission.

35.     Consequently, Chief Garza was particularly and specifically responsible for the training and supervision of the participants as evidenced by the fact that he devoted funds and personnel to Mission Police Officers attached to the Panama Unit under his supervision; however, Chief Garza affirmatively and actively and contrary to what was objectively reasonable failed to train and supervise the police officers under his supervision as more particularly stated hereinafter.

36.     In particular, Chief Garza was specifically and particularly responsible for the following details of the training and supervision of Mission Police officers including those mission Police Officers attached to the Panama Unit; but contrary to what was objectively reasonable to prevent constitutional misbehavior, Chief Garza affirmatively and actively pursued the following deficient supervisory practices.

    A.     Failing to adequately train and/or supervise Mission Police Officers including those Mission Police Officers attached to the Panama Unit to prevent Violations of citizens' constitutional rights;

    B.     Failing to adequately train and/or supervise Mission Police Officers including those Mission Police Officers attached to the Panama Unit regarding the proper requirements for obtaining a search warrant for the legal search and seizure of any person's property;

    C.     Failing to supervise, review, and/or discipline Mission Police Officers including those Mission Police Officers attached to the Panama Unit whom Chief Garza knew or should have known were violating or were prone to violate any person's citizens' constitutional rights, thereby permitting and/or encouraging Mission Police Officers including those Mission Police Officers attached to the Panama Unit to engage in such conduct;

    D.     Failing to adequately train and/or supervise Mission Police Officers including those Mission Police Officers attached to the Panama Unit to insure that a proper, thorough, true, and legal investigation of each and every criminal allegation has been conducted so as to prevent the conducting of any improper, inadequate, fabricated, and illegal investigation of any criminal allegation;

E.      Failing to adequately train Mission Police Officers including those Mission Police Officers attached to the Panama Unit of the proper policies and procedures for establishing probable cause to arrest and/or effectuate an arrest;

F.      Failing to adequately supervise Mission Police Officers including those Mission Police Officers attached to the Panama Unit when making arrests so as to prevent the arrest of any person without probable cause.

G.      Failing to require compliance of Mission Police Officers including those Mission Police Officers attached to the Panama Unit and/or employees with established policies and/or procedures and discipline or reprimand Mission Police Officers including those Mission Police Officers attached to the Panama Unit who violate these established policies;

H.      Failing to protect each person or citizen from lengthy detention or arrest without a warrant to arrest illegal search and seizure by Mission Police Officers including those Mission Police Officers attached to the Panama Unit; and

I.      Failing to protect each person or citizen from search or seizure without a warrant by Mission Police Officers including those Mission Police Officers attached to the Panama Unit.

37.      Accordingly, Chief Garza was individually responsible for the supervision of law enforcement activities pertaining to the City of Mission, which included provision of training and supervision for providing truthful and accurate information to secure a search warrant for deputies and interagency personnel under his supervision.

38.      Chief Martin Garza's actions and conduct were subjectively and objectively unreasonable for the foregoing deficiencies mentioned in ¶36A-I, either by commission or omission, and were actions and inactions directly, affirmatively, and actively in violation of the protections guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution actionable according to 42 U.S.C. §1983.

39.      Chief Garza, contrary to what was objectively reasonable, intentionally and affirmatively acted with subjective and objective deliberate indifference to the constitutional rights of each of

the Plaintiffs when he knew or should have known of the injury and injuries and the risk of injury that would result to each of the Plaintiffs and those similarly situated.

40.     Further, contrary to what was objectively reasonable, Chief Garza, affirmatively and actively, failed to have effective supervisory monitoring systems in place which would provide effective reporting of the activities of each participant in the Panama Unit's activities.

41.     These particular and specific activities and omissions of Chief Garza directly and proximately resulted in the illegal conduct of the Panama unit, which caused or subjected to be caused the injury of each of the Plaintiffs and deprived each of the Plaintiffs of the rights, privileges, and immunities secured to Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

42.     At all times mentioned herein Defendant City of Mission was a municipal corporation in the State of Texas, and was the employer of Jonathan Treviño, a participant in the Panama Unit. The City of Mission provided Treviño with an official badge and identification card which designated and described its bearer as a police officer of the Mission Police Department.  The City of Mission is the Texas municipal corporation in whose name TREVIÑO performed all acts and omissions alleged herein.

43.     By failing to supervise and by permitting Mission  Police Officers and the Mission Police Chief to act as agents for the City of Mission in using false information and fabricating criminal investigations which resulted in the unreasonable search and seizure of Plaintiffs' persons and premises based upon that false information and fabricated criminal investigations when no justification existed for such actions, the City of Mission was objectively unreasonable in violating Plaintiffs' rights and interests in being fee from unreasonable and unlawful search and seizure under 42 U.S.C. §1983 and the Fourth Amendment of the U.S. Constitution.  Plaintiffs

never gave permission for the illegal detention of their persons and unreasonable searches of their persons and property contrary to the tenets of the United States Constitution, Federal law and the law of the State of Texas.

44.     By failing to train the Mission Police Chief and members of the Mission Police Department designated for and assigned to the Panama Unit and by permitting those police officers to make determinations on behalf of the City of Mission, the City of Mission acted objectively unreasonable in conveying false information and fabricating criminal investigations which resulted in an unreasonable search and seizure of Plaintiffs' and their property based upon that false information when no justification existed for such actions.  The City of Mission failed to train its police officers and unreasonably violated Plaintiffs' rights and interests in being free from unreasonable and unlawful search and seizure under 42 U.S.C. §1983 and the Fourth Amendment of the U.S. Constitution.  Any claims of wrongdoing on the part of Plaintiffs were false and no charges were ever prosecuted.

45.     At all times mentioned herein, Defendant Guadalupe "Lupe" Treviño, was the duly elected Sheriff of Hidalgo County, Texas in charge of the deputies who were the participants in the Panama Unit.

46.     The illegal activities of the Panama Unit were known to the Sheriff, and not only did he affirmatively and actively fail to intercede and curtail these illegal activities, as required by his oath of office, but he actively and affirmatively ratified and supported the illegal efforts of the Panama Unit.

47.     During all times mentioned herein, the Sheriff Guadalupe "Lupe" Treviño, by and through his trusted subordinates, and the participants of the Panama Unit, separately and in concert, acted under color and pretense of law, to wit, under color of the statutes, ordinances,

regulations, customs and usages of the State of Texas and the County of Hidalgo and the City of Mission.

48.     In particular, Sheriff Treviño was charged with the responsibility for the administration and organization of the participants in the Panama Unit.

49.     Consequently, Sheriff Treviño was particularly and specifically responsible for the training and supervision of the participants in the Panama Unit as evidenced by the fact that he devoted a sergeant position to supervise, coordinate and focus the funds and personnel to direct the participants of the Panama Unit under his supervision.

50.     Accordingly, Sheriff Treviño was individually responsible for the supervision of law enforcement activities in Hidalgo County, which included provision of training for deputies and interagency personnel under his supervision.

51.     Sheriff Treviño affirmatively acted with subjectively deliberate indifference to the constitutional rights of each of the Plaintiffs when he knew or should have known of the injury and injuries that would result to each of the Plaintiffs and those similarly situated.

52.     Further, Sheriff Treviño intentionally failed to have effective supervisory monitoring systems in place which would provide effective reporting of the activities of each participant in the Panama Unit's activities.

53.     In particular, Sheriff Treviño was specifically and particularly responsible for the following details of the training and supervision of Hidalgo County Sheriff's Deputies including those Hidalgo County Sheriff's Deputies attached to the Panama Unit; but contrary to what was objectively reasonable to prevent constitutional misbehavior, Sheriff Treviño affirmatively and actively pursued the following deficient supervisory practices:

      A.     Failing to adequately train and/or supervise Hidalgo County Sherif Deputies including those Hidalgo County Sheriff's Deputies assigned as members of the Panama

Unit not to lie or make material false representations in their case reports by including false information or excluding truthful information so as to prevent violations of citizens' constitutional rights such as the unlawful search and seizure of the Plaintiffs and their persons;

B.      Failing to adequately train and/or supervise Hidalgo County Sherif Deputies including those Hidalgo County Sheriff's Deputies assigned as members of the Panama Unit regarding the limited occasions for failing to obtain a proper judicially authorized search warrant so as not to enter any one's home and conduct a search or seizure of their property or person without a proper warrant;

C.      Failing to supervise, review, and/or discipline Hidalgo County She Deputies including those Hidalgo County Sheriff's Deputies assigned as members of the Panama Unit whom Defendant Sheriff knew or should have known were violating or were prone to violate any one's constitutional rights, thereby permitting and/or encouraging Hidalgo County Sheriff's Deputies including those Hidalgo County Sheriff's Deputies as members of the Panama Unit to engage in such constitutional misconduct;

D.      Failing to adequately train and/or supervise its Hidalgo County SheDeputies including those Hidalgo County Sheriff's Deputies assigned as members of the Panama Unit to insure that a proper, thorough, and legal investigation of each and every crime has been conducted;

E.      Failing to adequately train Hidalgo County Sheriff's Deputies including    those Hidalgo County Sheriff's Deputies assigned as members of the Panama Unit on the proper policies and procedures for establishing probable cause to arrest and/or effectuate an arrest through the use of a properly judicially authorized arrest warrant;

F.      Failing to adequately supervise Hidalgo County Sheriff's Deputies including those Hidalgo County Sheriff's Deputies assigned as members of the Panama Unit when making arrests and searches so as to prevent the unreasonable detention of any one or deprivation of everyone's right to be secure in their persons, houses, property or effects without probable cause.

G.      Failing to require compliance of Hidalgo County Sheriff's Deputies including those Hidalgo County Sheriffs Deputies assigned as members of the Panama Unit and/or employees with established customs, policies and/or  procedures.

H.    Failing to discipline or reprimand Hidalgo County Sheriff's Deputies including those Hidalgo County Sheriff's Deputies who violate established policies, customs, procedures and/or regulations of the Hidalgo County Sheriff's Office;

I.    Failing to protect any one from illegal detention and unreasonable search and seizure by Hidalgo County Sheriff's Deputies including those Hidalgo County Sheriff's Deputies assigned as members of the Panama Unit.

54.    These particular and specific activities and inactivities of Sheriff Treviño directly and proximately resulted in the illegal conduct of the Panama unit, which caused or subjected to be caused, to the injury of each of the Plaintiffs, and deprived each of the Plaintiffs of the rights, privileges, and immunities secured to Plaintiffs' by the Fourth and Fourteenth Amendment to the Constitution of the United States and the laws of the United States.

55.    The Hidalgo County Sheriff's Office and its individual members, who are agents and employees of Defendant Hidalgo County Sheriff's Office as well as the employees of the Hidalgo County Sheriff's Office, together with persons unknown to Plaintiffs, have intentionally and maliciously subjected Plaintiffs and other persons to a pattern of conduct consisting of conspiracy to trespass on private property and home of each of the Plaintiffs, burglarizing their habitation, robbing, and unreasonable searches and seizures of their persons, homes, effects and property in denial of rights, privileges, and immunities guaranteed plaintiffs and other persons by the Constitution o the United States.

56.    Despite the fact that they actually or constructively knew, or should have known, of the fact that this pattern of conduct was being carried out by their agents and employees, the City of Mission and Hidalgo County, affirmatively and actively took no objectively reasonable steps or efforts to order a halt to, or prohibit, this course of conduct, to make redress to these Plaintiffs or other persons injured thereby, or to take any disciplinary action whatever against any of their involved employees or agents, for the misconduct alleged herein; but instead, Defendants City of

Mission and Hidalgo County have in fact praised and commended their police officers and deputies, such praise having the effect of encouraging their agents and employees to continue this pattern of constitutional misconduct.

57.     Each employee Defendant, separately and in concert, acted within the scope of his jurisdiction and with authorization and under color of law and mission Police Chief Martin Garza and Sheriff Guadalupe "Lupe" Treviño, separately and in concert, acted deliberately, willfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their rights secured to Plaintiffs by the provisions of the due process clause and search and seizure clause of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code Section 1983.

58.     At all times mentioned herein Defendant Hidalgo County was the employer of the participants in the Panama Unit.  Hidalgo County provided the participants in the Panama Unit with an official badge and identification card which designated and described its bearer as a deputy sheriff of Hidalgo County, and the participants in the Panama Unit performed all acts and omissions alleged herein under the auspices of Hidalgo County.

59.     Further, Sheriff Treviño, affirmatively and actively failed to have effective supervisory monitoring systems in place which would provide effective reporting of the activities of each participant in the Panama Unit's activities.

60.     Texas law provides that public entities are directed to pay any tort judgment for compensatory damage for which employees are liable within the scope of their employment activities.

61.     The Defendants are or were employees of the Mission Police Department and/or the Hidalgo County Sheriff's Office, and acted within the scope of their employment in committing the misconduct described herein.

62.     Given the totality of the circumstances, every reasonable law enforcement ultimate leader-supervisor in Texas, like Chief Garza and Sheriff Treviño, would have understood that his conduct, acts and inactions violated each of the Plaintiffs' constitutional rights or clearly risked the violation of constitutional rights of others like the Plaintiffs.

63.     Given the totality of the circumstances, every reasonable law enforcement officer in Texas, like Defendants Jonathan Christopher Treviño, Gerardo Mendoza Duran, and the other unknown officers, would have understood that his conduct, acts and inactions violated each of the Plaintiffs' constitutional rights or clearly risked the violation of constitutional rights of others like the Plaintiffs.

## DAMAGES

64.     As a direct and proximate result of the occurrence made the basis of this lawsuit, SANTOS RODRIGUEZ, JR., MARIA DE JESUS OLVERA, JESSICA MUNOZ, AND JESUS ANDRES MUNOZ, Plaintiffs, were caused to suffer extreme emotional trauma, and to incur the following compensable damages:

A.     DAMAGES FOR PLAINTIFF SANTOS RODRIGUEZ, JR.

1.     Mental anguish in the past;
2.     Mental anguish in the future;
3.     Loss of reputation;
4.     Economic expenses to defend against false charges;
5.     Loss of the enjoyment of life and liberty.

B.     DAMAGES FOR PLAINTIFF MARIA DE JESUS OLVERA

    1.    Mental anguish in the past; and

    2.    Mental anguish in the future;

    3.    Loss of enjoyment of life and liberty.

C.    DAMAGES FOR PLAINTIFF JESSICA MUNOZ

    1.    Mental anguish in the past;

    2.    Mental anguish in the future.

    3.    Economic expenses to defend against false charges

    4.    Loss of the enjoyment of life and liberty.

D.    DAMAGES FOR PLAINTIFF JESUS ANDRES MUNOZ

    1.    Mental anguish in the past;

    2.    Mental anguish in the future; and

    3.    Loss of enjoyment of life and liberty.

E.    PUNITIVE DAMAGES FOR EACH PLAINTIFF FROM EACH DEFENDANT.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, SANTOS RODRIGUEZ, JR., MARIA DE JESUS OLVERA, JESSICA MUNOZ, AND JESUS ANDRES MUNOZ, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court, attorneys fees for all legal services provided in this Court, in the Court of Appeals and the Supreme Court and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,


**FLORES & TORRES, L.L.P.**

By: __/s/_ David L. Flores_
David L. Flores
State Bar No. 24040909
So. Dist. Id. 5041
118 East Cano Street
Edinburg, Texas 78539
Telephone: (956) 287-9191
Facsimile: (956) 287-9190

Eduardo A. Torres
State Bar No. 24051438
So. Dist. Id. 665023

**Attorneys for Plaintiffs'**


**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**