IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| SANTOS RODRIGUEZ, JR., MARIA DE JESUS OLVERA, JESSICA MUNOZ, AND JESUS ANDRES MUNOZ, <br>    PLAINTIFFS <br><br> VS. <br><br> GUADALUPE "LUPE" TREVINO, SHERIFF OF HIDALGO COUNTY, TEXAS, HIDALGO COUNTY, TEXAS, JONATHAN CHRISTOPHER TREVINO, GERARDO MENDOZA DURAN, MARTIN GARZA, CHIEF OF POLICE, MISSION, TEXAS, CITY OF MISSION, TEXAS AND OTHER UNKNOWN PERSONS <br>    DEFENDANTS | § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 14-cv-67 <br> JURY DEMAND |

**DEFENDANTS CITY OF MISSION, TEXAS AND MARTIN GARZA, CHIEF OF POLICE, MISSION, TEXAS' ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, **City of Mission, Texas and Martin Garza, Chief of Police, Mission, Texas,** and file this their Original Answer to Plaintiffs' Original Complaint and would respectfully show unto the Court the following:

I.
ORIGINAL ANSWER

Defendants deny each and every allegation made by the Plaintiffs except to the extent expressly admitted herein.

1.    Defendants have no reason to dispute any of the allegations in Paragraphs 1 - 7 of Plaintiffs'

Original Complaint.

2. Defendants admit to the jurisdictional facts in Paragraph 8 of Plaintiffs' Original Complaint.

3. Defendants admit to the jurisdictional facts in Paragraph 9 of Plaintiffs' Original Complaint.

4. Defendants are without sufficient information to admit or deny the allegations stated in Paragraph 10 of Plaintiffs' Original Complaint.

5. Defendants are without sufficient information to admit or deny the allegations stated in Paragraph 11 of Plaintiffs' Original Complaint.

6. Defendants are without sufficient information to admit or deny the allegations stated in Paragraph 12 of Plaintiffs' Original Complaint.

7. Defendants are without sufficient information to admit or deny the allegations stated in Paragraph 13 of Plaintiffs' Original Complaint.

8. Defendants cannot admit or deny the allegations in Paragraph 14 of Plaintiffs' Original Complaint.  Defendants do not agree with the propositions of law as set forth in Paragraph 14 of Plaintiffs' Original Complaint.

9. Defendants deny the factual allegations as stated in Paragraphs 15 - 21 of Plaintiffs' Original Complaint.

10. Defendants cannot admit or deny what members of Panama Unit did as stated in Paragraph 22 of Plaintiffs' Original Complaint, but deny that these Defendants participated in such agreements.

11. Defendants deny the factual allegations as stated in Paragraphs 23 - 30 of Plaintiffs' Original Complaint.

12. Defendants admit the factual allegations as stated in Paragraph 31 of Plaintiffs' Original Complaint.

13. Defendants deny the factual allegations as stated in Paragraphs 32 - 44 of Plaintiffs' Original Complaint.

14. Defendants admit the factual allegations as stated in Paragraph 45 of Plaintiffs' Original Complaint.

15. Defendants deny the factual allegations as stated in Paragraph 46 of Plaintiffs' Original Complaint.

16. Defendants deny the factual allegations as stated in Paragraph 47 of Plaintiffs' Original Complaint.

17. Defendants admit the factual allegations as stated in Paragraph 48 of Plaintiffs' Original Complaint.

18. Defendants are without sufficient information to admit or deny the factual allegations stated in Paragraph 49 of Plaintiffs' Original Complaint.

19. Defendants deny the factual allegations stated in Paragraphs 50 - 58 of Plaintiffs' Original Complaint.

20. Defendants are without sufficient information to admit or deny the factual allegations stated in Paragraph 59 of Plaintiffs' Original Complaint.

21. Defendants deny the factual allegations as stated in Paragraphs 60 - 64 of Plaintiffs' Original Complaint.

22. Defendants assert that Plaintiffs are not entitled to any relief as plead in the Prayer of Plaintiffs' Original Complaint.

## II.
## AFFIRMATIVE DEFENSES

1. Plaintiffs cannot recover directly or indirectly from these Defendants because of the Doctrine

of Sovereign Immunity and these Defendants have not waived their sovereign immunity.

2. In the alternative, should it be determined the Texas Tort Claims Act does apply to Plaintiffs' claim, Defendants would invoke the statutory limit on damages contained in such act and all other defenses and immunities therein.

3. In the alternative, without waiving the foregoing, Defendants would specifically show that Plaintiffs may not recover punitive damages against these Defendants because of the statutory bar as to punitive damages contained in TEX. CIV. PRAC. & REM. CODE §101.024.

4. Defendants hereby invoke all limitations and defenses set out under the Texas Tort Claims Act as it relates to any and all claims made by Plaintiff against these Defendants.

5. In the alternative, Defendants would show that Plaintiffs' injuries and damages as alleged, although such injuries and damages are not so acknowledged, were caused in whole or in part, or contributed to by the negligence or fault or want of care of parties, conditions or instrumentalities over which these Defendants exercised no control, and for whose acts Defendants are not under the law responsible.

6. In the alternative, Defendants would show that any loss or damages alleged by Plaintiffs in Plaintiffs' Original Complaint was to some extent caused by Plaintiffs' failure to use reasonable efforts to mitigate their damages.

7. Defendant Martin Garza is entitled to qualified immunity from liability under 42 U.S.C. §1983.

## III
## JURY DEMAND

Defendants hereby request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants, **City of Mission, Texas and**

**Martin Garza, Chief of Police, Mission, Texas**, pray that upon final trial and hearing hereof, Plaintiffs take nothing by this suit, that Defendants recover all costs incurred herein, including their attorney's fees under 42 U.S.C. § 1988, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

By:    /s/ Eileen M. Leeds
        Eileen M. Leeds
        *Attorney-in-Charge*
        State Bar No. 00791093
        USDC Adm. No. 16799

        Jose Luis Caso
        State Bar No. 24065018
        USDC No. 1570664
        *Of Counsel*

        Guerra, Leeds, Sabo & Hernandez, P.L.L.C.
        1534 East 6th Street, Suite 200
        Brownsville, Texas 78520
        Telephone: 956-541-1846
        Facsimile: 956-541-1893
        *Of Counsel*
        **ATTORNEYS FOR DEFENDANTS CITY OF MISSION, TEXAS AND MARTIN GARZA, CHIEF OF POLICE, MISSION, TEXAS**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 17th day of March, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Via Electronic Notice**
Mr. David L. Flores
Flores & Torres, L.L.P.
118 E. Cano Street
Edinburg, Texas 78539

                                               /s/ Eileen M. Leeds
                                                 Eileen M. Leeds